553 S.E.2d 449

In the Matter of Former Greenville County Magistrate
Ulysses J. THOMPSON, Respondent.

No. 25366.

Supreme Court of South Carolina.

Submitted Sept. 11, 2001.
Decided Oct. 1, 2001.

Henry B. Richardson, Jr., and Assistant Attorney General Tracey C. Green, both of Columbia, for the Office of Disciplinary Counsel.

Adam W. Fisher, Jr., of Greenville, for Respondent.

PER CURIAM:

In this judicial disciplinary matter, respondent and Disciplinary Counsel have entered into an Agreement for Discipline by Consent pursuant to Rule 21, Rules of Judicial Disciplinary Enforcement (RJDE), Rule 502, SCACR. In the agreement, respondent admits misconduct and consents to a public repri-

mand. Respondent has also resigned his position and has agreed never to apply for a judicial office in South Carolina without the express written permission of the Supreme Court of South Carolina. We accept the agreement. The facts as admitted in the agreement are as follows.

## *Facts*

Respondent purchased items from a distraint sale conducted by his office. The items were seized from tenants to satisfy rental debts. Respondent purchased the items by personally bidding on some and by asking the property owner to bid on others for him.

Respondent also personally served documents on parties to actions pending in his court and falsified the affidavit of service on those documents. On one occasion, respondent personally served a summons and complaint on a defendant. Respondent also personally served five warrants of ejectment. In each of these cases, respondent indicated on the attestation of service that the documents were served by his constable.

Respondent also failed to respond to several circuit court orders requiring him to file returns in appeals from his court. Although these orders were issued as early as August 1999, respondent failed to take any action on these matters before January 2001.

Respondent also failed to monitor his official accounts, review his official bank statements, or supervise his clerks to ensure that they were properly executing their financial and accounting duties. As a result, his office is unable to account for approximately $9,500 in funds for which he is responsible.

Respondent also misplaced documents in a matter pending before him, causing an unreasonable delay in the disposition of the case.

## *Law*

By his conduct, respondent has violated the following provisions of the Code of Judicial Conduct, Rule 501, SCACR: Canon 1 (failing to uphold the integrity and independence of the judiciary); Canon 2 (failing to avoid impropriety and the appearance of impropriety in all his activities); and Canon 3

(failing to perform the duties of office impartially and diligently).

Respondent has also violated the following provisions of the RJDE, Rule 502, SCACR: Rule 7(a)(1) (violating the Code of Judicial Conduct); Rule 7(a)(4) (failing to perform judicial duties or persistently performing judicial duties in an incompetent or neglectful manner); and Rule 7(a)(6) (failing to issue orders, decrees, and opinions in a timely manner).

### Conclusion

We accept the agreement for a public reprimand because respondent is no longer a magistrate and because he has agreed not to seek another judicial position in South Carolina unless authorized to do so by this Court. Accordingly, respondent is hereby publicly reprimanded for his conduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.